NO. 07-06-0402-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

APRIL 18, 2008
_____

PERRY HEARD, APPELLANT

V.

MONSANTO COMPANY, APPELLEE
_____

FROM THE 72ND DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2003-521,581; HONORABLE RUBEN REYES, JUDGE
_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**DISSENTING OPINION**

I would reverse the trial court's judgment because I find the representations made by Monsanto to be actionable pursuant to the DTPA.[1]  See Tex. Bus. & Comm. Code Ann. § 17.50(a)(1) (Vernon 2002).  Specifically, I take issue with the characterization of the representations by Monsanto as being only puffing.  The majority holds that the representations herein are not the same as those found actionable in Helena Chem. Co.

---

[1] I am addressing only the issue of whether the words used by Monsanto are actionable under the DTPA.

v. Wilkins, 47 S.W.3d 486, 503-04.  A review of those representations reveals that Helena made the following statements regarding its grain sorghum:

> 1) "one of the most durable, top yielding hybrids" with an "outstanding disease tolerance package."

> 2) the brochure in question further stated the seed has"good" head exertion, "very good" standability, "excellent" yield potential and it was "FD [field] tolerant" to charcoal rot.

> 3) Helena represented that its sorghum hybrids "constitute our best research and development," that it has "excellent weatherability," and is "the tough performer."

The statements in question in the case at bar bear a striking similarity to those found actionable by the Texas Supreme Court.   Here Monsanto made the following representations:

> 1) "No herbicide can control more weeds than Roundup UltraMAX."

> 2) "With Roundup UltraMAX, you are assured of the best all-around herbicide performance you can buy."

The only distinction that I can draw from the two sets of representations is that Helena contains more representations than were made in the case before the court.  However, the current state of the law is not grounded upon the number of representations, rather it is the type of representations.  I would also point out that the Autohaus case is distinguishable because in that case the court points out that the representations in question were qualified by the terms "probably" and "joked" and that these qualifiers demonstrated the generality of the representations.  Autohaus, Inc. v. Aguilar, 794 S.W.2d 459, 464 (Tex.App.–Dallas 1990, writ denied).

Accordingly, I find that the representations were actionable and that the trial court erred in granting either summary judgment. Therefore, I must dissent.


Mackey K. Hancock
Justice